## STATE v. HAZEL FREEZE.

(Filed 17 November, 1915.)

**1. Constitutional Law — Criminal Law — Verdict — Prisoner's Presence — Waiver.**

Where, on appeal from a conviction of larceny, error is assigned to the imposition of the sentence of the court, that neither the defendant nor his attorney was present at the rendering of the verdict, and had not been afforded opportunity to poll the jurors, as they were discharged, etc., it is *Held*, that to sustain the exception it is necessary that it be made to appear whether the absence of the appellant or his attorney was voluntary, for in felonies less than capital, and in misdemeanors, the right to be present may be waived by the conduct or acts of the accused.

**2. Appeal and Error—Unsupported Assignment—Record.**

A statement in the assignments of error, when there is nothing in the statement or record of the case on appeal to give it any support, is only the unsupported statement of the appellant of what had occurred, and hence the assignment of error depending thereon will not be considered on appeal.

APPEAL by defendant from *Lyon, J.,* at April Term, 1915, of GUILFORD.

Indictment for stealing a stack of hay. There was a verdict of guilty; judgment on the verdict, and defendant appealed on the alleged ground that he was not present at the time the verdict against him was rendered.

The case on appeal, agreed upon by counsel, after stating the indictment, plea, impaneling of the jury, evidence, verdict, and judgment and appeal, without exception or other statement appearing in the record, contains the following: "Defendant duly excepted to the verdict of the jury on the ground that neither he nor his attorney was present at the rendering of the verdict against him by the jury, and the defendant assigns as error that the verdict of the jury was rendered against him in the absence of both himself and his attorney, and that he had no opportunity whatever to poll the jury, as they were discharged before he or his attorney was informed of the verdict."

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*N. L. Eure for defendant.*

HOKE, J. In *S. v. Cherry,* 154 N. C., pp. 624-626, in speaking of the right of a defendant to be present at different stages of the trial in capital and lesser felonies, this Court said: "It is the law of this State, a principle having prominent place in our Declaration of Rights, that in every criminal prosecution the defendant has the right to be informed of the accusation against him and to confront his accusers and their

witnesses. Applying the principle, this Court has held in several cases that in capital trials this right to be present in the court below cannot be waived, but that the presence of the prisoner is essential at all stages of the trial. In felonies less than capital, and in misdemeanors, the same right to be present exists, but may be voluntarily waived by the accused, a limitation being that in the case of felonies certainly this waiver may not be made by counsel unless expressly authorized thereto. *S. v. Jenkins,* 84 N. C., 812. The decisions are also to the effect that when the accused voluntarily absents himself, and more especially when he has fled the court, such conduct may be considered and construed as a waiver, and in that event the presence of the accused is not regarded as essential to a valid trial and conviction," citing *S. v. Pierce,* 123 N. C., 745; *S. v. Kelly,* 97 N. C., 404; *S. v. Paylor,* 89 N. C., 540; Clark's Criminal Procedure, p. 423.

It does not appear from the record that the absence of the defendant at the time the verdict was rendered against him was not voluntary on his part, and so amounting to a waiver of his right to be present within the principle of the above decision, save and except in his assignment of error. This being on defendant's own assertion, it has been held in numerous cases that the averments of such an assignment may not be considered in impeachment of the trial. · *McLeod v. Gooch,* 162 N. C., 122; *Worley v. Logging Co.,* 157 N. C., pp. 490-499; *Patterson v. Mills,* 121 N. C., pp. 258-268; *Merrill v. Whitmire,* 110 N. C., pp. 367-370; *Lowe v. Elliott,* 107 N. C., pp. 718-719; *Walker v. Scott,* 106 N. C., pp. 56-61; 3 Ed. Clark's Code, sec. 550.

In most of these decisions the Court was passing on the consideration to be given to an assignment of error where the averments were not founded on a valid exception properly taken, but a perusal of these earlier cases will show that ordinarily the position also applies as to the *facts* stated in an exception taken by the appellant, when there is nothing in the record or statement of case on appeal to give them any support. This being true, there is nothing in the present record, apart from defendant's own statement in his exception, to show that the verdict was in fact rendered in defendant's absence.

Defendant has been convicted after a fair and impartial trial. The evidence fully supports the verdict, and no reason is shown why the judgment imposed by the court should not be carried out.

No error.