FRANKLIN DELANO OVERMAN, PLAINTIFF, v. GIBSON PRODUCTS COMPANY OF THOMASVILLE, INC., D/B/A GIBSON'S DISCOUNT STORE, AND JERRY LEE THOMAS, DEFENDANTS AND THIRD PARTY PLAINTIFFS, v. FRANKLIN MONROE OVERMAN, C. T. GOFORTH, AND T. L. ARNEY, THIRD PARTY DEFENDANTS

No. 7621SC250

(Filed 18 August 1976)

Rules of Civil Procedure § 50— motion for directed verdict — ruling based on plaintiff's evidence only — error

When a defendant moves for directed verdict at the close of plaintiff's evidence, the trial judge can either not rule or reserve his ruling, but if the defendant thereafter offers evidence, any subsequent ruling by the trial judge upon defendant's motion for directed verdict must be upon a renewal of the motion by defendant at the close of all the evidence, and the judge's ruling must be based upon the evidence of both plaintiff and defendant; therefore, the trial court in this action for malicious prosecution erred in reserving his ruling upon defendants' motions for directed verdict made at the close of plaintiff's evidence until the close of defendants' evidence, and then ruling upon only the evidence as offered up until the time the motions were made.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 9 December 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 June 1976.

Overman v. Products Co.

This is an action for damages, compensatory and exemplary, for alleged malicious prosecution. On 19 December 1974 default was entered against third party defendant Franklin Monroe Overman. On 3 December 1975 summary judgment was entered in favor of third party defendant C. T. Goforth. On 4 December 1975 a directed verdict was entered in favor of third party defendant T. L. Arney. There has been no exception taken to the entry of any of the above three orders. Therefore, this appeal involves only the plaintiff and the original defendants.

Facts necessary for an understanding of the question raised on this appeal are set forth in the opinion.

*Schoch, Schoch, Schoch and Schoch, by Arch Schoch, Jr., for the plaintiff.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and William C. Raper, for the original defendants.*

BROCK, Chief Judge.

The case was called for trial during the 1 December 1975 session of Superior Court, Forsyth County. The plaintiff completed the presentation of his evidence during the afternoon of 3 December 1975. When plaintiff rested, the original defendants moved for directed verdicts. The trial judge excused the jury until the following morning and heard arguments upon the original defendants' motions. No ruling was made. After court reconvened the morning of 4 December 1975, the trial judge allowed the original defendants' motions for directed verdicts on the issue of punitive damages; however, he reserved ruling on the original defendant's motions for directed verdicts as to the entire cause of action in the following words: "I intend to rule upon the evidence as offered up until the time the motion was made."

Thereafter the jury returned to the courtroom, and the original defendants offered all of their evidence. When the original defendants rested on 4 December 1975, the trial judge again excused the jury for the day to return the morning of 5 December 1975. Before court was recessed for the day on 4 December 1975, the trial judge, by an order entered 4 December 1975, allowed the motion of the third party defendant T. L. Arney for a directed verdict.

Upon the convening of court on 5 December 1975 the trial judge announced that he was ready to rule on the original defendants' motions for directed verdicts made at the close of plaintiff's evidence. The trial judge granted defendants' motions for directed verdicts by stating that he "is now ready to rule upon the motions for directed verdicts made by the defendants at the close of the plaintiff's evidence, and the Court will grant those motions."

Plaintiff's proposed record on appeal contained a narration of defendants' evidence. Upon objection by defendants, the trial judge ordered that defendants' evidence should be deleted from the record on appeal and the following inserted in lieu thereof:

"Now, therefore, it is ORDERED that the evidence to be carried forward in the record on appeal shall consist of the plaintiff's evidence only, and the defendants' evidence in plaintiff's proposed record on appeal (beginning on page 84 and ending on page 103 thereof) shall be deleted from the record on appeal. In lieu thereof, the following statement shall be inserted in the record on appeal at the conclusion of the plaintiff's evidence and following the proceedings on motions ending on page 83:

" 'The Court reserved its ruling on defendants' motion for directed verdict so that the judge might have extensive testimony reread to him by the court reporter after the jury had recessed for the evening. The defendants then offered evidence. At the conclusion of all the evidence, the Court recessed for the evening. Upon the reconvening of court the following morning, the Court announced it was ready to rule upon the defendants' motion for directed verdict made at the close of the plaintiff's evidence, and then granted such motion.'

"It is further ORDERED that the index in plaintiff's proposed record on appeal be modified to delete any reference to defendants' evidence."

The procedure followed by the trial judge in this case effectively frustrates the policy and purpose of G.S. 1A-1, Rule 50. We have held that by offering evidence, a defendant waives his Rule 50 motion for directed verdict made at the close of plaintiff's evidence. *Woodard v. Marshall,* 14 N.C. App. 67, 187 S.E. 2d 430 (1972). This provision for waiver is necessary for

the orderly conduct of a trial. The same rule applied prior to the adoption of our present Rules of Civil Procedure. Former G.S. 1-183 (repealed upon the effective date of our present rules) provided that by offering evidence, a defendant waived his motion for nonsuit made at the close of the plaintiff's evidence. With respect to the federal court's counterpart of our Rule 50, it is said:

> "Technically a party waives his right to a directed verdict, if the motion is made at the close of his opponent's case, and thereafter he introduces evidence in his own behalf. However he may renew the motion at the close of all the evidence. If the party fails to renew the motion he may not move for judgment notwithstanding the verdict nor may he claim error on appeal from denial of the motion at the close of the opponent's evidence. The renewed motion will be judged in the light of the case as it stands at that time. Even though the court may have erred in denying the initial motion, this error is cured if subsequent testimony on behalf of the moving party repairs the defects of his opponent's case." Wright & Miller, Federal Practice and Procedure: Civil § 2534.

The procedure followed by the trial judge in this case effectively negates the designed use of a judgment notwithstanding the verdict as provided by Rule 50(b). The following comments by Dean Dickson Phillips illustrate the point:

> "The motion can be first made at the close of the evidence offered by an opponent. If it is then denied, the movant may introduce his own evidence—without expressly reserving the right to do so. He may then renew the motion. If he does not renew the motion at the conclusion of all the evidence, he is deemed to have waived any objection he may have had to its denial. Furthermore, he must in such circumstances renew the motion in order to lay the basis for a post-verdict motion for judgment n.o.v. He may defer making the motion for the first time until the conclusion of all the evidence." 2 McIntosh, N. C. Practice and Procedure, § 1488.10.

> "When a motion for directed verdict is made by defendant at the conclusion of plaintiff's evidence, it is frequently wise to defer decision pending receipt of defendant's evidence. Even when made at the conclusion of all the

evidence, there are compelling reasons for deferring decision until after jury verdict if the trial judge considers that the question of sufficiency is a close one. In a close case where the trial judge is inclined to direct verdict against plaintiff an appeal by [plaintiff] is almost inevitable and reversal always a reasonable possibility. If he does direct verdict and this is reversed on appeal, there must then be a new trial at which plaintiff will have to re-establish his case de novo. On the other hand, if the case is allowed to go to the jury a much more effective disposition of the litigation is possible. If the jury finds for the defendant, the trial judge need make no legal determination of the suffeiciency of the evidence, thus avoiding the need for any review of this close question. If after verdict for plaintiff the judge rules against him on the 'reserved' directed verdict motion and this is then reversed on appeal, no new trial is needed; the original verdict may be reinstated to allow judgment for plaintiff." 2 McIntosh, N. C. Practice and Procedure, § 1488.35.                    .

Obviously the trial judge can either not rule or reserve his ruling when a defendant moves for directed verdict at the close of plaintiff's evidence. However, if thereafter the defendant offers evidence, any subsequent ruling by the trial judge upon defendant's motion for directed verdict must be upon a renewal of the motion by defendant at the close of all the evidence, and the judge's ruling must be based upon the evidence of both plaintiff and defendant. The search for substantial justice and fair play dictates that a judge's ruling upon a motion for directed verdict should be made upon all of the evidence before him. Certainly a plaintiff is entitled to the benefit of evidence favorable to plaintiff that may be offered by a defendant or brought out by cross-examination of defendant's witnesses. The purpose of litigation is to seek the truth as best as that can be done.

We do not ascribe to the trial judge's procedure any motive except to expedite the litigation before him. We cannot determine whether defendants' evidence in this case would repair defects in plaintiff's case because that evidence is not before us. The point is that a defendant's evidence and witnesses may supply defects in a plaintiff's case, and when such evidence is before the judge, it should be considered. The trial judge's ef-

fort to expedite this case by improper procedure has obtained the opposite result.

It is not necessary for us to undertake a determination of whether plaintiff's evidence, standing alone, was sufficient to withstand a motion for directed verdict. The case proceeded beyond that point when the defendants offered evidence.

It is an anomaly in this case that the trial judge considered the defendants' evidence for the purpose of entering a directed verdict for the third party defendant T. L. Arney on 4 December 1975, but refused to consider defendants' evidence for the purpose of entering the directed verdicts for the original defendants on 5 December 1975.

We conclude that the trial judge was correct in directing a verdict in favor of the original defendants upon the issue of punitive damages. This motion was made and ruled upon at the close of plaintiff's evidence and before defendants offered evidence.

The result is this:

The directed verdicts in favor of the original defendants upon plaintiff's cause of action for punitive damages are affirmed.

The directed verdicts in favor of the original defendants upon plaintiff's cause of action for compensatory damages are reversed, and a new trial is ordered upon plaintiff's alleged cause of action against the original defendants for compensatory damages.

Affirmed in part.

New trial in part.

Judges PARKER and ARNOLD concur.