MARTIN-KAHILL FORD LINCOLN MERCURY, INC. v. RAY SKIDMORE AND RAY SKIDMORE FORD, INC.

No. 8225SC663

(Filed 21 June 1983)

1. **Appeal and Error § 9— moot issue**

The issue of whether the trial court erred in denying plaintiff's motion for summary judgment was rendered moot when plaintiff prevailed after a trial on the merits.

2. **Sales § 19— breach of warranty against encumbrances—nominal damages**

In an action for breach of warranty against encumbrances in the sale of the assets of an automobile dealership, the trial court did not err in instructing the jury that plaintiff was entitled to recover only nominal damages where plaintiff's evidence tended to show that the assets were subject to outstanding tax liens of a town and a county for personal property taxes for 1979 and 1980 and that the town taxes had been paid by a bank for plaintiff's account, but plaintiff's evidence failed to show that it had actually paid the tax liens, that it was indebted to the bank for the amount paid by the bank, or that it was deprived of possession because of the tax liens.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 16 March 1982 in Superior Court, CALDWELL County. Heard in the Court of Appeals 10 May 1983.

This action involves a breach of warranty against encumbrances. On 26 September 1979 plaintiff, as assignee, agreed in writing to purchase the assets of an automobile dealership from

defendant. The agreement contained a provision warranting that the dealership assets would be transferred free and clear of encumbrances. After the closing of the transaction, plaintiff discovered that the assets were subject to outstanding tax liens to the Town of Hudson and Caldwell County for personal property taxes for 1979 and 1980, in the amount of $33,801.00.

On 24 April 1981 plaintiff filed complaint against defendant for breach of warranty, seeking recovery in the amount of $33,801.00, plus attorney fees. The matter was tried before a jury on 16 March 1982. At the conclusion of the trial, the court granted individual defendant Ray Skidmore's motion for a directed verdict. As to the corporate defendant, Judge Snepp removed from the jury the issue of actual damages and instructed only on nominal damages. Plaintiff appeals from a jury verdict against defendant in the amount of $1.00.

*Cagle and Houck by Joe N. Cagle for plaintiff appellant.*

*Michael P. Mullins for defendant appellee.*

BRASWELL, Judge.

[1] Plaintiff first argues that the court erred in denying its motion for summary judgment against defendant. It is well-settled that denial of a motion for summary judgment is interlocutory and therefore not appealable, unless a substantial right of one of the parties would be affected if the appeal were not heard prior to final judgment. *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240, *appeal dismissed*, 301 N.C. 92 (1980). In this case, plaintiff appealed from the denial of its motion after a full trial had been held and jury verdict returned in its favor. The issue therefore is moot since plaintiff in fact prevailed after a trial on the merits. Even if summary judgment had been granted, plaintiff still would have had to prove the amount of damages it sought to recover since the only evidence of the encumbrances was the notices of attachment and garnishment from the Town of Hudson and Caldwell County. The ownership of the assets as of 1 January 1980 was in dispute, according to the conflicting allegations in the complaint and answer. Plaintiff failed to allege in its complaint that it had in fact paid the tax liens. We also note that plaintiff failed to preserve as error the denial of the motion by excepting at the time of the denial. Compare *Motyka v. Nappier*, 9 N.C.

App. 579, 176 S.E. 2d 858 (1970), with *Oil Co. v. Smith*, 34 N.C. App. 324, 237 S.E. 2d 882 (1977). We find no merit to this assignment of error.

[2]   Plaintiff next argues that the court erred in removing from the jury the issue of actual damages and in instructing only on nominal damages.

There is little dispute over the facts. The evidence showed that in the agreement to purchase the assets of the automobile dealership dated 26 September 1979, defendant impliedly and expressly warranted that the assets would be delivered free from any security interest, lien or encumbrance. Testimony from the Caldwell County Tax Collector showed that the dealership's 1979 and 1980 personal property taxes had not been paid. The Town of Hudson Tax Collector testified that 1979 and 1980 taxes had been paid by North Carolina National Bank (NCNB) for plaintiff's account. There was some dispute concerning the effective date of the sale between plaintiff and defendant. Jerry Kahill, president of plaintiff, testified that the final bill of sale was signed on 30 December 1979, but that the date shown on the closing document was 3 January 1980. He and about 18 other employees began working at the dealership in December of 1979, opened an account with NCNB to finance the purchase of automobiles in December, received new automobiles in December from Lincoln-Mercury, and advertised using the new dealership name in December.

At the close of the evidence, the court conducted a hearing on defendant's motion for a directed verdict. The following conversation occurred:

"THE COURT: The motion for directed verdict by the individual defendant is granted. I don't know whether there is any evidence that you [sic] client has paid any money or not. It says paid by the bank for the account of your client. The law is you can only recover what you have paid out in these cases.

MR. CAGLE: [Plaintiff's counsel] I believe on January 1 the tax collector has a lien.

THE COURT: It doesn't matter whether he has a lien. The law of a warranty or a guarantey [sic] against encumbrances is that you can only recover what you have paid. It doesn't

matter if there is a lien. What you are out of pocket if you haven't satisfied the lien, you can only get nominal damages. I don't know what else to do but instruct the jury they can give you nominal damages."

Judge Snepp was applying the established rule of law in this State, as enunciated in *Seymour v. Sales Co.,* 257 N.C. 603, 609, 127 S.E. 2d 265, 269 (1962). In *Seymour,* the Supreme Court stated that upon discovery of breach of warranty, a buyer can rescind the contract, return the goods, demand return of the sales price, and upon refusal by seller to comply, institute an action for the sales price. Alternatively, a buyer can waive the right to rescind and institute "an action for damages for breach of warranty against encumbrances. In such action, a buyer cannot recover anything more than nominal damages until he has paid the amount of the outstanding lien or has been deprived of possession by reason of the lien in question . . . ." *Id.* Although *Seymour* predates the adoption of the Uniform Commercial Code in 1967, our research has not disclosed any change since the adoption in the law on damages as set forth in *Seymour. See* G.S. 25-1-103.

We find from a review of the evidence presented that plaintiff failed to prove that it had paid the amount of the outstanding tax liens or that it had sustained any actual damages as a result of the liens. The Caldwell County Tax Collector testified that 1979 and 1980 personal property taxes had not been paid. The Tax Collector for the Town of Hudson testified that the 1979 and 1980 taxes had been paid by NCNB for plaintiff's account. Plaintiff, however, presented no evidence that it had actually paid the taxes, that it was indebted to NCNB for the amount paid by NCNB, or that it was deprived of possession because of the tax liens. Pursuant to *Seymour,* we hold that the court's instruction to the jury that plaintiff was entitled only to recover nominal damages was proper.

We do not discuss plaintiff's contentions concerning the trial judge's failure to conduct a jury instruction conference and concerning the lack of opportunity given to counsel to object to any portion of the charge. In violation of Rule 10(a), (b) and (c), N.C. Rules App. Proc., plaintiff failed to take exception in the record or to assign as error these omissions of the court.

In the judgment rendered below, we find

No error.

Judges WEBB and WHICHARD concur.