J. D. PATE AND WIFE, MARY ELIZABETH PATE v. GEORGE R. THOMAS, SHERYL THOMAS, MARCUS BLANTON AND WIFE, ANNA BELLE BLANTON

No. 8724DC689

(Filed 15 March 1988)

Deeds § 24.2 — covenant that property free of encumbrances — grantee's knowledge of encumbrance no defense

A covenantee's knowledge of an encumbrance on real property is no defense to an action against the covenantor for breaching his covenant in the deed that the property conveyed was free of encumbrances.

APPEAL by defendants from *Lacey, Judge.* Judgment entered 28 January 1987 in District Court, MITCHELL County. Heard in the Court of Appeals 5 January 1988.

Following discovery, the denial of defendants' motion for summary judgment, and a jury trial, plaintiffs obtained judgment against defendants in the amount of $7,823.00 for breaching their covenant in a warranty deed that a house and lot sold them was free of encumbrances. In pertinent part the evidence of the parties showed without contradiction that: On 12 April 1983 defendants contracted in writing to sell plaintiffs a certain house and lot free of all encumbrances; on 19 April 1983 the purchase was closed by defendants executing and delivering a warranty deed

which covenanted, without qualification, that the property was "free and clear of all liens and encumbrances"; at that time a deed of trust defendants gave Northwestern Bank in November, 1981 for construction money when building the house was still recorded against the property and the balance owed on it was nearly $30,000; at the closing of the house and lot purchase plaintiffs secured the balance of the purchase price by executing and delivering to defendants a deed of trust on the property that stated that it was subordinate to a prior deed of trust executed by defendants in favor of Northwestern Bank; in August, 1984 plaintiffs moved off the property and stopped paying on their deed of trust, and their interest in the property, on which they had paid $7,823.00, was later foreclosed on by defendants; plaintiffs never were called on to pay on the prior deed of trust, which defendants eventually paid off and it was cancelled of record in April, 1985, a year before this suit was brought. The only conflict in the evidence pertinent to this appeal is that plaintiffs testified that they did not notice the statement in their deed of trust about the prior deed of trust and did not learn about it until August, 1984 immediately before they moved off the property and stopped paying on it when they had the title searched; and that defendant George Thomas testified he told plaintiffs about the prior encumbrance before plaintiffs contracted to buy the property and received the deed.

*Lloyd Hise, Jr. for plaintiff appellees.*

*Hal G. Harrison for defendant appellants.*

PHILLIPS, Judge.

The foregoing facts clearly establish that defendants breached their unqualified, unambiguous covenant that the property sold plaintiffs was free of encumbrances when they delivered the deed to plaintiffs while Northwestern Bank's unpaid deed of trust was still recorded against the property, *Cover v. McAden*, 183 N.C. 641, 112 S.E. 817 (1922), and the only question suggested by the facts is whether plaintiffs' suit is barred because they may have known about the encumbrance before receiving the deed. Before determining that question, however, the remarkable number of errors that defendants made in processing this relatively simple appeal must be noted.

(1) They did not state in the brief the questions they would have us determine as Rule 28(b)(2) of our rules of appellate procedure requires. (2) Instead of narrating the testimony of the witnesses in the first person without comment as is customary, the "narration" is largely a summary that is peppered with many unnecessary comments, such as "Mr. Pate also testified" and "Mr. Thomas stated." (3) The record does not show that the court's instructions to the jury, which defendants argue were erroneous, were excepted to as Rule 10(b)(2) of our Rules of Appellate Procedure requires. While the record does show that appellants made some objections in the pre-jury instruction conference, it does not show what was objected to or the grounds therefor because the transcript of the pre-jury instruction conference is not included in the record on appeal. Presenting us with a proper record on appeal was defendants' responsibility and since the one presented does not show that the instructions now complained of were properly objected to the arguments were not considered. (4) In undertaking to raise essentially one question of law, whether there was an issue for the jury because of plaintiffs' apparent knowledge that the property was encumbered, instead of formulating one assignment of error that directly raised that question, defendants made *three* indirect and round about assignments of error—one to the denial of their motion for summary judgment, another to the denial of their motion for a directed verdict at the close of plaintiffs' evidence, and still another to the denial of their motion for judgment notwithstanding the verdict—and supported these assignments in the brief with *three* separate but essentially identical arguments to the effect that there was no jury issue because plaintiffs admittedly signed the deed of trust stating that it was subordinate to a prior deed of trust. Even if each of the three rulings referred to was reviewable, and none is for the reasons stated below, one assignment of error and argument would have sufficed because the three rulings involved essentially the same question of law. Pointless repetition is not required by our rules of appellate procedure and serves no purpose. As Rules 10(c) and 28(b), N.C. Rules of Appellate Procedure, clearly indicate one assignment of error is enough to raise one question of law even when it questions the correctness of many rulings by the trial court; and nothing is more superfluous in the entire field of litigation than repetition in argument. (5) But despite their multiplicity none of defendants' assignments of error properly raised the

question they thrice argued. For the correctness of the court's denial of their motion for summary judgment became moot when the case was tried on the merits to verdict, *Martin-Kahill Ford Lincoln Mercury, Inc. v. Skidmore*, 62 N.C. App. 736, 303 S.E. 2d 392 (1983); their exception to the denial of their motion for a directed verdict at the close of plaintiffs' evidence was waived by presenting evidence, *Overman v. Gibson Products Company of Thomasville, Inc.*, 30 N.C. App. 516, 227 S.E. 2d 159 (1976); and not having moved for a directed verdict at the end of all the evidence their motion for judgment notwithstanding the verdict has no basis, *Gibbs v. Duke*, 32 N.C. App. 439, 232 S.E. 2d 484, *disc. rev. denied*, 292 N.C. 640, 235 S.E. 2d 61 (1977).

Nevertheless, we have considered and overrule defendants' argument that plaintiffs' suit for breaching their covenant against encumbrances is barred because plaintiffs' signed deed of trust indicates that they had knowledge of the encumbrance when the deed was received. For the law is that a covenantee's knowledge of an encumbrance on real property is no defense to an action against the covenantor for breaching his covenant in the deed that the property conveyed was free of encumbrances. *Philbin Investments, Inc. v. Orb Enterprises, Ltd.*, 35 N.C. App. 622, 242 S.E. 2d 176, *disc. rev. denied*, 295 N.C. 90, 244 S.E. 2d 260 (1978).

No error.

Judges JOHNSON and ORR concur in the result.