RICHARD ERIC JANSEN v. SIDNEY ROYAL COLLINS, III

No. 885SC433

(Filed 30 December 1988)

1. **Rules of Civil Procedure § 50— no record of motion for directed verdict at close of evidence—right to assign error waived**

    Having failed to preserve the record of any motion for directed verdict at the close of all evidence, defendant waived his right to assign error to either the trial judge's purported ruling on that motion or the ruling on the motion for judgment n.o.v. N.C.G.S. § 1A-1, Rule 50(b)(1); Appellate Rule 10(b)(1).

2. **Automobiles and Other Vehicles § 94.7— knowledge that driver was intoxicated—passenger's contributory negligence—jury question**

    Whether plaintiff was contributorily negligent in voluntarily riding in a car driven by defendant when plaintiff knew or should have known that defendant was under the influence of intoxicating beverages was a question for the jury.

APPEAL by defendant from *Barefoot (Napoleon B.), Judge.* Judgment entered 3 December 1987 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 6 December 1988.

Plaintiff instituted this action to recover damages for personal injuries he sustained when the automobile in which he was riding as a passenger collided with a tree. The evidence at trial tended to show that plaintiff and defendant met at about 9:30 P.M. on 27 August 1985 to go out and "shoot pool." They went to several clubs before ending up at the Peppermint Lounge. Plaintiff and defendant were at this lounge from approximately 11:00 P.M. to approximately 1:30 A.M. While there, they shot pool and drank beer. When they left the Peppermint, plaintiff and defendant went to the Pantry, a convenience store across the street from the Peppermint, and purchased two wine coolers which they were sipping as defendant drove plaintiff home.

Defendant drove past plaintiff's home and about 1,000 yards beyond the house, defendant failed to negotiate a curve. Defendant lost control of the car, which went over a ditch and hit a tree. Plaintiff's face struck the windshield and he suffered injury to his back. Defendant was not injured.

Defendant having stipulated negligence and the trial court having refused to submit an issue of contributory negligence, the only issue submitted to the jury was damages. From the judgment entered on the award, defendant appeals.

*Smith and Smith, by W. G. Smith, attorney for plaintiff-appellee.*

*Anderson, Cox, Collier & Ennis, by Donald W. Ennis, attorney for defendant-appellant.*

PARKER, Judge.

Defendant brings forward five assignments of error. In his first, second and fourth assignments defendant contends that plaintiff's evidence established that plaintiff was contributorily negligent as a matter of law and that the trial judge erred in denying defendant's motion for a directed verdict at the conclusion of plaintiff's evidence and at the close of all evidence and in denying defendant's motion for judgment notwithstanding the verdict. Defendant's third assignment of error is to the trial judge's refusal to submit the issue of contributory negligence to the jury. Finally, defendant assigns error to the signing and entry of judgment on the ground that it was not supported by the evidence.

[1] Regarding defendant's assignments relating to the denial of his motions for directed verdict and judgment notwithstanding the verdict, we observe that the record fails to disclose defendant's motion at the close of all evidence. When a defendant offers evidence, as defendant did in this case, he waives his Rule 50(a) motion for directed verdict made at the close of plaintiff's evidence. *Overman v. Products Co.,* 30 N.C. App. 516, 518, 227 S.E. 2d 159, 162 (1976). A motion for directed verdict at the close of all evidence is an absolute prerequisite to the post verdict motion for judgment notwithstanding the verdict. G.S. 1A-1, Rule 50(b)(1); *Graves v. Walston,* 302 N.C. 332, 338, 275 S.E. 2d 485, 489 (1981). Therefore, defendant may not have the denial of his motion for

judgment notwithstanding the verdict reviewed on appeal if the motion for directed verdict was not renewed. See, *Id.; Overman,* 30 N.C. App. at 518, 227 S.E. 2d at 162. Under Rule 10(b)(1), N.C. Rules App. Proc., the exception is to be noted following the "record of judicial action to which it is addressed." The mere insertion of an exception in the transcript without a proper record of the motion and the judge's ruling thereon is not sufficient for purposes of review in the appellate court. See, *State v. Freeze,* 170 N.C. 710, 711, 86 S.E. 1000, 1001 (1915). Having failed to preserve the record of any motion for directed verdict at the close of all evidence, defendant has waived his right to assign error to either the trial judge's purported ruling on that motion or the ruling on the motion for judgment notwithstanding the verdict. G.S. 1A-1, Rule 50(b).

[2] Defendant's third assignment of error is that the trial judge erred in failing to submit the issue of contributory negligence to the jury. Defendant properly pled contributory negligence in his answer. Therefore, if there was more than a "scintilla" of evidence of contributory negligence and if diverse inferences could reasonably have been drawn from that evidence, the issue of contributory negligence should have been submitted to the jury. *Boyd v. Wilson,* 269 N.C. 728, 153 S.E. 2d 484 (1967); *Moore v. Bezalla,* 241 N.C. 190, 84 S.E. 2d 817 (1954).

To establish that plaintiff was contributorily negligent, defendant must prove that (i) the driver was under the influence of an intoxicating beverage; (ii) the passenger knew or should have known that the driver was under the influence of an intoxicating beverage; and (iii) the passenger voluntarily rode with the driver even though the passenger knew or should have known that the driver was under the influence of an intoxicating beverage. *Watkins v. Hellings,* 321 N.C. 78, 80, 361 S.E. 2d 568, 569 (1987). "Under the influence" has been defined as when a person "has drunk a sufficient quantity of intoxicating beverage 'to cause him to lose the normal control of his bodily or mental faculties to such an extent that there is an appreciable impairment of either or both of these faculties'." *State v. Painter,* 261 N.C. 332, 334, 134 S.E. 2d 638, 640 (1964), *cited in Davis v. Rigsby,* 261 N.C. 684, 136 S.E. 2d 33 (1964); *State v. Carroll,* 226 N.C. 237, 239-40, 37 S.E. 2d 688, 690 (1946).

Both plaintiff and defendant testified that they had been playing pool and drinking beer together and that they each had a wine cooler in the car at the time of the accident. Their evidence was conflicting, however, as to how much beer defendant had consumed and as to whether defendant was, or appeared to be, impaired by the alcohol. Plaintiff testified that he did not keep track of the number of beers either he or defendant consumed, but that the alcohol had given him a "buzz." Defendant testified that he had drunk nine beers between the time he picked up plaintiff at 9:30 P.M. and the time they left the "Peppermint Lounge" between 1:00 and 1:30 A.M. According to plaintiff's testimony, defendant walked and talked normally and did not operate his vehicle in any reckless or improper manner, but he was going "a little bit too fast" when they approached the entrance to the subdivision where plaintiff lived. Although he knew defendant had been drinking, plaintiff felt it was safe to ride with defendant driving the car. Defendant testified that while he was not staggering or falling down, he was definitely feeling the effects of the alcohol.

On this record, whether plaintiff was contributorily negligent in voluntarily riding in a car driven by defendant when plaintiff knew or should have known that defendant was under the influence of intoxicating beverages was a question for the jury. *See Weatherman v. Weatherman*, 270 N.C. 130, 132, 153 S.E. 2d 860, 863 (1967); *Boyd v. Wilson*, 269 N.C. at 729, 153 S.E. 2d at 486; *Beam v. Parham*, 263 N.C. 417, 421, 139 S.E. 2d 712 (1965). Accordingly, we hold that the judge's refusal to submit contributory negligence to the jury entitles defendant to a new trial.

New trial.

Judges EAGLES and SMITH concur.