ERNEST L. BUMGARNER AND GEORGE GRIFFIN v. A. CLYDE TOMBLIN

No. 8829SC157

(Filed 17 January 1989)

1. **Fiduciaries § 2— existence of fiduciary relationship and breach—sufficiency of evidence**

   Evidence was sufficient to show that there was a fiduciary relationship between the parties and that defendant violated his duty as a fiduciary where the evidence tended to show that the parties entered into an oral contract to buy two tracts of land, to resell them for a profit, and to divide the profits equally; defendant held legal title to both tracts of land purchased for the mutual benefit of the parties; he had represented both plaintiffs as their attorney in previous transactions and in these transactions drew the deeds and other legal documents, negotiated both purchases, handled all sales, received the sale proceeds, and accounted for them to plaintiffs; defendant blocked plaintiffs' efforts to sell either tract or the timber and turned away prospec-

tive purchasers they had solicited; though a profit was made on the sale of one lot, defendant did not pay either plaintiff his fair share of the proceeds and sold eleven other parcels from that tract without accounting for the proceeds; he used the funds obtained from a deed of trust on the property to pay off his personal obligations; and he blocked plaintiffs' efforts to auction off the remaining acreage.

**2. Fraud § 12— breach of fiduciary duty—constructive fraud—profit to fiduciary immaterial—punitive damages proper**

In an action for constructive fraud based upon breach of fiduciary duty, it was immaterial whether defendant profited from transactions which he performed as fiduciary; furthermore, punitive damages were authorized where all the elements of constructive fraud were found by the jury, and additional elements of aggravation were not necessary.

**3. Fraud § 11— damages—evidence of fair market value of land not inappropriate**

In an action for breach of contract and constructive fraud based upon breach of fiduciary duty, the trial court did not err in permitting both plaintiffs to testify as to the fair market value of both properties involved at different times, even if fair market value was not the standard for the damages claimed, since there was no requirement that damages testimony be couched in the terms of the applicable measure of damages, and evidence as to fair market value was material to the issue and helpful to the jury in resolving it.

APPEAL by defendant from *Hairston, Judge.* Judgments entered 16 September 1987 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 6 September 1988.

Plaintiffs' action, based on two Rutherford County real estate ventures that the parties engaged in, is for breach of contract, constructive fraud based upon a breach of fiduciary duty, and punitive damages. The facts are more fully stated in *Bumgarner v. Tomblin,* 63 N.C. App. 636, 306 S.E. 2d 178 (1983), where an order of summary judgment dismissing the complaint was vacated. For this appeal, except as stated in the opinion, it is sufficient to state that in the court below evidence was presented which indicates that: In 1973 the parties entered into an oral contract to buy two tracts of Rutherford County real estate, to resell them for a profit, and divide the profits equally; one tract was known as Cherry Mountain, the other as Bills Creek. In acquiring the tracts the parties made certain payments, legal title was vested in defendant, and the purchase price balances were secured by deeds of trust on them; and later other deeds of trust were placed on the properties to secure loans obtained for developing them. A foreclosure proceeding was brought against the Cherry Mountain property in 1978 because defendant, a local lawyer who agreed to

arrange the financing, failed to do so and during the proceeding the property was sold without benefit to either of the parties; and the Bills Creek project, though some profitable sales were made from it, was also a disappointment because defendant discouraged prospective purchasers from buying various portions of it.

In the prior appeal we held that the depositions and other materials before the court raised issues of fact for the jury on plaintiffs' claims and in the trial that followed the verdict upon which judgment was entered was as follows:

ISSUE NUMBER ONE:

At the time of the transactions relative to Cherry Mountain and Bills Creek, did a relationship of trust and confidence exist between the plaintiffs, Ernest L. Bumgarner and George Griffin, and the defendant, A. Clyde Tomblin?

ANSWER: Yes

ISSUE NUMBER TWO:

If so, were the business transactions open, fair and honest?

ANSWER: No

ISSUE NUMBER THREE:

If not, how much, if any, was the plaintiff, Ernest L. Bumgarner, damaged as a result of the defendant Tomblin's breach of his fiduciary duty of trust?

A. Compensatory damages

ANSWER: 75,000.00

B. Punitive damages

ANSWER: 175,000.00

ISSUE NUMBER FOUR:

If not, how much, if any, was the plaintiff, George Griffin, damaged as a result of defendant Tomblin's breach of his fiduciary duty of trust?

A. Compensatory damages

Bumgarner v. Tomblin

ANSWER: 117,000.00

B. Punitive damages

ANSWER: 175,000.00

*Hamrick, Mauney, Flowers, Martin & Deaton, by W. Robinson Deaton, Jr., and Yelton, Farfour & McCartney, by Charles E. McCartney, Jr., for plaintiff appellees.*

*Robert W. Wolf and Hamrick, Bowen, Nanney and Dalton, by Louis W. Nanney, Jr., for defendant appellant.*

PHILLIPS, Judge.

In seeking to overturn the judgment entered against him defendant appellant, having abandoned assignment of error 6, brought forward and separately argued twelve assignments of error. Eight of these assignments have no proper foundation and are overruled without discussion. Five of the assignments (nos. 7, 8, 9, 10 and 11) concern instructions to the jury to which no exceptions were taken, as Rule 10(b)(2) of our appellate rules requires. Two others (nos. 1 and 2 for denying his motions for a directed verdict at the end of the plaintiffs' evidence and at the end of all the evidence) are redundant because they raise precisely the same legal question as assignment 4 based upon the denial of his motion for judgment notwithstanding the verdict, *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973), which is discussed later. The exception to the directed verdict ruling at the end of plaintiffs' evidence was of course waived when he put on evidence, *Overman v. Gibson Products Company of Thomasville, Inc.*, 30 N.C. App. 516, 227 S.E. 2d 159 (1976); and, as has been said in many cases, one assignment of error, properly supported by exceptions, is enough to raise any legal question, including the sufficiency of the evidence to support a verdict. *Pate v. Thomas*, 89 N.C. App. 312, 365 S.E. 2d 704, *disc. rev. denied*, 322 N.C. 482, 370 S.E. 2d 227 (1988). And still another assignment (no. 5) is based upon the illusory and essentially untenable ground that the verdict was against the greater weight of the evidence. For though appellate courts often state that verdicts "manifestly contrary to the greater weight of the evidence" can be upset on appeal, 5A C.J.S. *Appeal and Error* Sec. 1648 (1958), the fact is that verdicts are hardly ever upset on that ground for the obvious

reason that appellate courts are incapable of satisfactorily determining the weight and credibility of evidence presented in a trial court and hardly ever attempt to do so. Indeed, if an appellate court in this State has ever presumed to determine that a verdict was against the greater weight of evidence when the trial judge ruled to the contrary, our search of the reports failed to discover it. In any event, no basis for overruling the experienced trial judge on this point appears in the record and the contention is overruled.

[1] Of the four assignments of error that were properly based, we discuss first assignment 4, which questions the sufficiency of the evidence to support the verdict. In arguing that the evidence does not show either that he was a fiduciary or violated his duty as such, defendant views both the fiduciary relationship and the evidence concerning it too narrowly. A fiduciary relationship "exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." *Abbitt v. Gregory*, 201 N.C. 577, 598, 160 S.E. 896, 906 (1931). Evidence presented which indicates that a position of trust did exist between the parties includes the following: Defendant held legal title to both tracts of land purchased for the mutual benefit of the parties; he had represented both plaintiffs as their attorney in previous transactions, and in these transactions drew the deeds and other legal documents, negotiated both purchases, handled all sales, received the sale proceeds, and accounted for them to plaintiffs. Under our law a breach of fiduciary duty raises a presumption of constructive fraud, *Miller v. First National Bank of Catawba County*, 234 N.C. 309, 67 S.E. 2d 362 (1951), and defendant's breach of his fiduciary duty is indicated by evidence that: He blocked plaintiffs' efforts to sell either the Cherry Mountain tract or the timber and turned away prospective purchasers they had solicited; though a profit was made on the Peek sale from the Bills Creek tract defendant did not pay either plaintiff his fair share of the proceeds and sold eleven other parcels from that tract without accounting for the proceeds; he used the funds obtained from a deed of trust on the property to pay off his personal obligations, and blocked plaintiffs' efforts to auction off the remaining acreage after the Peek sale.

[2]  Defendant's argument that no breach of fiduciary duty could have occurred in regard to the Cherry Mountain property because he did not profit from the transaction was ruled upon and rejected in the prior appeal, wherein we held that "[t]he facts that defendant did not benefit from the deals on the land and that he no longer has an interest in the land are no barrier to a constructive fraud claim." *Bumgarner v. Tomblin*, 63 N.C. App. 636, 641, 306 S.E. 2d 178, 183 (1983). Nor is the punitive damages award unsupported by evidence as defendant argues. All the elements of constructive fraud having been found by the jury punitive damages were authorized, *Newton v. The Standard Fire Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976); additional elements of aggravation were not necessary. *Stone v. Martin*, 85 N.C. App. 410, 355 S.E. 2d 255, *disc. rev. denied, appeal dismissed*, 320 N.C. 638, 360 S.E. 2d 105 (1987); *Bumgarner v. Tomblin, supra.*

[3]  By assignment of error 3 defendant contends that the trial court erred to his prejudice in permitting both plaintiffs to testify as to the fair market value of both properties involved at different times. They testified that the fair market value of the Cherry Mountain property when it was foreclosed on 21 April 1978 was $650 per acre; that the fair market value per acre of the Bills Creek property remaining after the Peek sale was $650 just after the sale, $1,000 when defendant began to convey various parcels in 1975, and $750 at the time of trial. The contention is not that they were unqualified to so testify, as owners of property are nearly always qualified to testify to the value of their property, *Responsible Citizens v. City of Asheville*, 308 N.C. 255, 302 S.E. 2d 204 (1983), but that "fair market value was not the standard" for the damages claimed. Which was no reason for the court to reject the testimony, as there is no requirement that damages testimony be couched in the terms of the applicable measure of damages. Furthermore, in *Newby v. Atlantic Coast Realty Co.*, 180 N.C. 51, 103 S.E. 909 (1920) where, as here, the measure was the lost profits that resulted from defendant's breach of duty, it was held that evidence as to the fair market value of the lands involved was material to that issue and helpful to the jury in resolving it.

By assignments of error 12 and 13 defendant contends that issues as to constructive trust, resulting trust, and unjust enrichment should have been submitted to the jury and that the issues

as to the respective causes of action should have been severed. The contentions as to the extra issues stated have no bearing on the case, as the record contains neither allegation nor evidence as to a constructive or resulting trust and whether defendant was unjustly enriched by his breach of fiduciary duty is legally irrelevant, as we ruled earlier. And framing and severing issues is a discretionary function of the trial judge; a function that was performed as the law requires, since the issues submitted were sufficient to enable the jury to fairly resolve the controversy in accord with the evidence and the principles of law pertaining thereto. *Link v. Link*, 278 N.C. 181, 179 S.E. 2d 697 (1971); *Chalmers v. Womack*, 269 N.C. 433, 152 S.E. 2d 505 (1967).

No error.

Judge EAGLES concurs.

Judge BECTON concurs in the result.