BOONE LUMBER, INC. v. SIGMON

[103 N.C. App. 798 (1991)]

BOONE LUMBER, INC., PLAINTIFF v. ED SIGMON, ANDY SIGMON, AND JOHN SIGMON, DEFENDANTS

No. 9024SC1232

(Filed 20 August 1991)

### 1. Rules of Civil Procedure §§ 50.1, 50.5 (NCI3d) — motion for directed verdict — effect of failure to renew at close of evidence

By introducing evidence, defendants waived their Rule 50(a) motion for directed verdict made at the close of plaintiff's evidence. Furthermore, defendants cannot have the denial of their motion for judgment notwithstanding the verdict reviewed on appeal because they failed to renew the motion for directed verdict at the close of all the evidence. N.C.G.S. § 1A-1, Rule 50(b)(1).

**Am Jur 2d, Trial § 539.**

### 2. Evidence § 34.1 (NCI3d) — admission of party opponent

Testimony by plaintiff's president that one defendant told him that he and another defendant were operating a business with the financial backing of the third defendant and that there was no problem with plaintiff being paid for their account was competent as an admission of a party opponent under N.C.G.S. § 8C-1, Rule 801(d).

**Am Jur 2d, Evidence § 658.**

### 3. Rules of Civil Procedure § 11 (NCI3d) — no contradiction between affidavit and testimony — Rule 11 sanctions properly denied

There was no contradiction between the affidavit of plaintiff's president and his subsequent trial testimony which would support defendants' motion for Rule 11(a) sanctions against plaintiff.

**Am Jur 2d, Witnesses § 618.**

APPEAL by defendants from judgment entered 1 February 1990 by *Judge Chase B. Saunders* in WATAUGA County Superior Court. Heard in the Court of Appeals 5 June 1991.

Plaintiff Boone Lumber, Inc., sued defendants individually in this civil action for the unpaid balance of $23,460.00 for materials

BOONE LUMBER, INC. v. SIGMON

[103 N.C. App. 798 (1991)]

sold and delivered to defendants on an open account. On 29-30 January 1990, the matter was tried before a jury. John Greene, plaintiff's president, testified that plaintiff agreed to establish an open account for defendants at the request of defendant Andy Sigmon who told him that all three defendants would be financially responsible for the account. Additionally, Greene testified that the account was opened under the name of "Smokey Gap Log Homes" and that this name appeared on plaintiff's records and on billings sent to defendants. Greene further testified that Andy Sigmon and John Sigmon each stated on different occasions that the owners of Smokey Gap Log Homes were Ed Sigmon, Andy Sigmon, and John Sigmon. Greene also testified that defendants never indicated to plaintiff that the account was for a corporation and that throughout his business relationship with defendants, he believed that Smokey Gap Log Homes was a partnership.

At the close of plaintiff's evidence, defendants' motion for directed verdict was denied. Defendants then introduced evidence to prove that they were not individually liable on the open account and that only Smokey Gap Log Homes, Inc., a North Carolina corporation, owed the debt to plaintiff. Defendants Andy Sigmon and John Sigmon testified. At the close of all the evidence, defendants failed to renew their motion for a directed verdict. The jury's verdict found defendants jointly and severally liable to plaintiff in the amount of $23,460.00. The trial court denied defendants' motion for a judgment notwithstanding the verdict. Defendants appeal.

*Miller and Moseley, by Paul E. Miller, Jr., for plaintiff-appellee.*

*Corne, Pitts, Corne, Grant & Edwards, P.A., by Ray G. Corne, for defendant-appellants.*

EAGLES, Judge.

In this appeal, defendants bring forth three assignments of error. First, defendants contend that the trial court erred in denying their motions for directed verdict and judgment notwithstanding the verdict. Second, defendants contend that the trial court erred in allowing plaintiff's witness to testify in the form of an opinion on the ultimate issue in this case. Third, defendants contend that the trial court erred in failing to grant their motion for Rule 11 sanctions against plaintiff. We disagree and accordingly find no error.

[1] Regarding defendants' first assignment of error, we initially note that defendants introduced evidence after their motion for directed verdict was denied. By introducing evidence, defendants waived their G.S. 1A-1, Rule 50(a) motion for directed verdict made at the close of plaintiff's evidence. *Rice v. Wood*, 82 N.C. App. 318, 346 S.E.2d 205, *disc. review denied*, 318 N.C. 417, 349 S.E.2d 599 (1986). Defendants failed to renew their motion for directed verdict at the close of all evidence. "A motion for directed verdict at the close of all evidence is an absolute prerequisite to the post verdict motion for judgment notwithstanding the verdict. G.S. 1A-1, Rule 50(b)(1); *Graves v. Walston*, 302 N.C. 332, 338, 275 S.E.2d 485, 489 (1981)." *Jansen v. Collins*, 92 N.C. App. 516, 517, 374 S.E.2d 641, 643 (1988). Defendants cannot have the denial of their motion for judgment notwithstanding the verdict reviewed on appeal because they failed to renew the motion for directed verdict at the close of all evidence. *Id.*

[2] Next, defendants assign as error the trial court's admission of John Greene's answer to the question: "Based on your conversations with [defendant] Mr. Andy Sigmon, who did you believe was responsible for paying for the materials purchased from Boone Lumber?" Greene responded, "Andy told me that the financial backing was through Ed Sigmon, their father, that he and John was [sic] operating the business and there was no problem with us being paid for account [sic]." Defendants contend that the trial court allowed plaintiff's witness "to testify beyond concrete facts within his own knowledge, observation, and recollection . . . [and] to testify in the form of an opinion the ultimate issue in this case which was whether [defendants] were individually liable to [plaintiff] on an open account." We disagree.

G.S. 8C-1, Rule 801(d) provides that "[a] statement is admissible as an exception to the hearsay rule if it is offered against a party and it is (A) his own statement, in either his individual or a representative capacity." While the question may have called for an answer that embraced the ultimate issue, the answer *actually* given was only a recital of what defendant Andy Sigmon had told the witness. Additionally, we note that Andy Sigmon testified when defendants presented their evidence. The jury had the opportunity to weigh the credibility of both John Greene and Andy Sigmon. Accordingly, we find no prejudicial error.

[3]  Finally, defendants contend that the trial court erred in failing to grant their motion for Rule 11 sanctions against plaintiff because of an alleged contradiction between John Greene's affidavit and his subsequent testimony at trial. "The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue." *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). In his affidavit, Greene stated that he "investigated the integrity and financial condition of the individual defendants, particularly the defendant, Ed Sigmon." At trial, Greene testified that reputable people in the community told him that Sigmon had a good reputation, that he heard on several occasions that Ed Sigmon's "net worth" was "pretty good," and that upon recalling his past dealings with the defendants, he found "no reason to question their [defendants'] credit." Assuming without deciding that the execution of the affidavit is a document referred to in Rule 11, we find no contradiction and conclude that defendants' assignment of error is without merit.

We find no error in the trial court's denial of defendants' motions for directed verdict and judgment notwithstanding the verdict and in the trial court's admission of the testimony of John Greene. We affirm the trial court's denial of Rule 11 sanctions against plaintiff.

In the trial, no error; as to Rule 11 sanctions, affirmed.

Judges GREENE and LEWIS concur.