ALVIN LEE LUMLEY AND DOLLY LEE LUMLEY v. NANCY C. CAPOFERI AND DURHAM CARDIOVASCULAR HEALTH CENTER, P.A.

No. COA94-1171

(Filed 7 November 1995)

**1. Appeal and Error § 147 (NCI4th)— proximate cause instruction—failure to make timely objection**

Plaintiffs' assignment of error to the trial court's special instruction on proximate cause is overruled where plaintiffs had several opportunities but failed to make a timely objection to the charge.

**Am Jur 2d, Appellate Review § 745; Trial §§ 1080-1084.**

LUMLEY v. CAPOFERI

[120 N.C. App. 578 (1995)]

**2. Negligence § 174 (NCI4th)— clarifying instruction on proximate cause refused—no error**

The trial court did not abuse its discretion in denying plaintiffs' request for a clarifying instruction on the issue of proximate cause, since plaintiffs failed to make a timely objection to the special proximate cause instruction; they objected only after the jury had retired and asked to have the law relating to proximate cause read to them on two separate occasions; and any ambiguity in the special proximate cause instruction was harmless when considered in conjunction with the remainder of the proximate cause instruction and instructions on plaintiffs' burden of proof.

**Am Jur 2d, Negligence §§ 449 et seq.**

**3. Trial § 372 (NCI4th)— deadlocked jury—Allen charge given—no error**

The trial court did not err in denying plaintiffs' motion for mistrial where the jurors deliberated for five days and then sent the judge a note stating that they were deadlocked eleven to one, that it was an emotional problem for one juror to continue, and that they did not feel they could reach a verdict; the trial court proposed to give the jury the "Allen charge"; plaintiffs' counsel did not object to the instruction; the instruction was given; and the jury returned a verdict that day.

**Am Jur 2d, Trial §§ 1592-1596.**

**Verdict-urging instructions in civil case stressing desirability and importance of agreement. 38 ALR3d 1281.**

**Verdict-urging instructions in civil case commenting on weight of majority view or authorizing compromise. 41 ALR3d 845.**

**Verdict-urging instructions in civil case admonishing jurors to refrain from intransigence, or reflecting on integrity or intelligence of jurors. 41 ALR3d 1154.**

**4. Evidence and Witnesses § 1373 (NCI4th)— references to dismissed defendant—no error**

Defense counsel's references to a former defendant's role in this medical malpractice case in questions to plaintiffs' expert witnesses were not unduly prejudicial to plaintiffs and were relevant to defendants' case so that the trial court did not err in permitting such references.

LUMLEY v. CAPOFERI

[120 N.C. App. 578 (1995)]

**Am Jur 2d, Evidence §§ 813, 814; Trial §§ 554-556, 609-611, 615-617, 627.**

Appeal by plaintiffs from judgment entered 25 April 1994 by Judge Henry W. Hight, Jr., in Durham County Superior Court. Heard in the Court of Appeals 2 October 1995.

*Law Office of Martin A. Rosenberg, by Martin A. Rosenberg, for plaintiff appellants.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Robert M. Clay and Donna R. Rutala, for Nancy C. Capoferi, defendant appellee.*

*Petree Stockton, L.L.P., by James P. Cain and Robert H. Lesesne, for Durham Cardiovascular Health Center, defendant appellee.*

SMITH, Judge.

This is a negligence action based upon alleged medical malpractice brought by plaintiffs Alvin Lee Lumley and Dolly Lee Lumley against Nancy C. Capoferi, Durham Cardiovascular Health Center, P.A., Khye Weng Ng, a/k/a Dr. Weng and Durham Clinic, P.A. On 12 August 1993 plaintiffs took a voluntary dismissal with prejudice of their claims against defendants Dr. Weng and the Durham Clinic. The trial against the remaining defendants commenced on 14 March 1994. On 6 April 1994 the jury returned a verdict in defendants' favor.

On 5 January 1990, Alvin Lee Lumley went to the Durham County General Hospital Emergency Room complaining of headache, nausea and dizziness. Dr. Capoferi, a cardiologist on call for her employer, Durham Cardiovascular Health Center, P.A., attended Mr. Lumley. After several tests, including a CT scan, Dr. Capoferi consulted with Dr. Weng and then discharged Mr. Lumley with instructions to return for a follow-up visit. He was also prescribed high blood pressure medication. During Mr. Lumley's follow-up visits, Dr. Weng established that Mr. Lumley's neurological examination was normal and concluded that his symptoms were likely caused by an acute inner ear infection.

On 5 October 1991, Mr. Lumley again went to the Durham County General Emergency Room where he was diagnosed as suffering a massive stroke. It was plaintiffs' contention at trial that defendants negligently failed to diagnose Mr. Lumley's 5 January 1990 symptoms as a stroke and because of that misdiagnosis, failed to prescribe aspirin therapy as a means of reducing the risk of a second stroke.

LUMLEY v. CAPOFERI

[120 N.C. App. 578 (1995)]

Prior to the trial of this matter, plaintiffs moved *in limine* to exclude evidence of Dr. Weng's prior involvement in the case. The trial judge granted the motion as to evidence of prior settlement, but reserved ruling on references to Dr. Weng's prior involvement.

The charge conference was held on 29 March 1994 and continued through the next morning. On the first day of the conference, defense counsel handed up a proposed special proximate cause instruction. Discussion regarding the instruction occurred the next day. The instruction was included in the jury charge and was heard by the jury on three separate occasions before plaintiffs' counsel objected to it. When plaintiffs objected to the instruction, they requested a clarifying instruction on the issue of proximate cause be given to the jury. Such motion was denied by the trial court.

The jury deliberated for approximately five days before sending a note to the judge indicating they were deadlocked eleven to one and suggesting they could not reach a verdict because deliberation had become an emotional problem for one juror. Plaintiffs moved for mistrial. After a brief recess, the trial judge suggested giving an "Allen Charge" to the jury. The charge reminded the jury that their verdict must be unanimous and that if they were unable to reach a unanimous verdict a new trial would be required at heavy expense to the court system in terms of time and money. Neither plaintiffs nor defendants objected to such charge. It was then given to the jury, who returned with a verdict in defendants' favor. From judgment entered in accordance with that verdict plaintiffs appeal.

[1] In their first assignment of error, plaintiffs contend that the trial court abused its discretion by instructing the jury with a special instruction on proximate cause which they allege was confusing, ambiguous and contrary to the law. The instruction of which plaintiffs complain was as follows:

A person seeking damages as a result of negligence has the burden of persuading you by the greater weight of the evidence not only of the negligence of the defendant, Dr. Capoferi, but also that such negligence was a proximate cause of the claimed injury.

Proof of proximate cause requires *more than a showing that a different treatment would have decreased the risk of harm* to Mr. Lumley. (Emphasis added.)

Initially, we find that plaintiffs' first assignment of error was not preserved and is not properly before this Court. Pursuant to Rule

10(b)(2) of the Rules of Appellate Procedure, in order to properly preserve questions for appellate review regarding jury instructions, a party must object to the instruction before the jury retires to consider its verdict. N.C.R. App. P. 10(b)(2). In this case, plaintiffs had several opportunities to object to the proposed special instruction before the jury retired, but failed to do so.

The trial judge addressed the requested special instruction both immediately after it was handed up by defense counsel and the next morning when the charge conference resumed. While dialogue regarding the instruction was brief, it is clear from the record that the instruction dealt with additional proximate cause language. Defense counsel suggested an appropriate place to insert the instruction during the discussion. At that time the court asked plaintiffs' counsel if he had any objections, to which he replied negatively. Following his charge to the jury, the judge asked both sides if there was anything further, pursuant to Rule 21 of the General Rules of Practice for Superior and District Courts, which like Rule 10(b)(2) of the Rules of Appellate Procedure, provides that objections to jury instructions should be made prior to jury deliberation. Again, plaintiffs' counsel answered negatively. Since plaintiffs failed to timely object to that portion of the proximate cause instruction which they contend is erroneous, that assignment of error is overruled.

[2] In their second assignment of error, plaintiffs maintain the trial court erred in denying their request for a clarifying instruction on the issue of proximate cause. We again note that plaintiffs in this case failed to timely object to the special proximate cause instruction of which they now complain. They objected only after the jury had retired and asked to have the law relating to proximate cause read to them on two separate occasions. However, according to the General Rules of Practice, the trial judge may, at his discretion

> recall the jury after they have retired and give them additional instructions in order: (i) to correct or withdraw an erroneous instruction; or (ii) to inform the jury on a point of law which should have been covered in the original instructions.

General R. Of Practice for Sup. & Dist. Cts., Rule 21 (1970). In this case, the judge denied plaintiffs' request to give a clarifying instruction pursuant to Rule 21. The trial judge did not abuse his discretion, thus, we find no error. In any event, any ambiguity in the special proximate cause instruction was harmless when considered in conjunction with the remainder of the proximate cause instruction and

instructions on plaintiffs' burden of proof. The judge instructed the jury that

> [p]roximate cause is a real cause, a cause without which the claimed injury would not have occurred, and one which under the same or similar circumstances a reasonably careful and prudent person could foresee would probably produce such injury . . . .

This instruction is a clear definition of proximate cause as defined by North Carolina case law. *Nance v. Parks*, 266 N.C. 206, 209, 146 S.E.2d 24, 27 (1966). Furthermore, the judge repeatedly emphasized that plaintiffs' burden was to prove only "by the greater weight of the evidence" that defendants' conduct was one of the proximate causes of Mr. Lumley's second stroke. Considered in conjunction, these two instructions clearly described the applicable law regarding proximate cause and the burden of proof in a medical malpractice action. *Wall v. Stout*, 310 N.C. 184, 202, 311 S.E.2d 571, 582 (1984). This assignment of error is overruled.

[3] In their third assignment of error, plaintiffs appeal the trial court's denial of their motion for mistrial. They contend that, after receiving a note from the jury on the fifth day of deliberation, the trial judge should have granted a mistrial. In the note, the jury stated they were deadlocked eleven to one, that it was an emotional problem for one juror to continue, and that they did not feel they could reach a verdict.

> The granting or denial of a motion for a new trial . . . is generally regarded as resting in the sound discretion of the trial judge, and his ruling will not be disturbed on appeal in the absence of a manifest abuse of such discretion, or as sometimes stated, unless it is clearly erroneous.

*Stone v. Griffin Baking Co.*, 257 N.C. 103, 105, 125 S.E.2d 363, 365 (1962). In this case, the jury began their deliberation on the afternoon of 30 March 1994. They continued deliberating the next day, had a three-day weekend, and resumed deliberation on 4 April 1994. On that day, the jury sent a note to the judge requesting re-instruction on proximate cause, stating that they were divided eight to four. On 5 April 1994, the court again received a note from the jury indicating that they were divided ten to two and requested a ten minute break. On 6 April 1994, the jury sent a final note indicating they were deadlocked eleven to one. Plaintiffs then moved for a mistrial. The court, after brief discussion, proposed to give to the jury the "Allen Charge."

Out of the jury's presence, the judge read the proposed charge to respective counsel. Plaintiffs counsel did not object to the instruction.

It is evident the jury was making progress during its five-day deliberations. Originally, the jury was divided eight to four. By the last day, they were split eleven to one. Instead of declaring a mistrial, the judge, in his discretion, proposed the "Allen Charge" to which neither plaintiffs nor defendants objected. This was not a manifest abuse of discretion. This assignment of error is overruled.

[4] In their final assignment of error, plaintiffs contend the court erred in permitting defense counsel to make repeated references to a previously dismissed party's prior involvement in the case, on the grounds that such references were irrelevant and highly prejudicial. Prior to trial, plaintiffs moved *in limine*, to prohibit any mention of Dr. Weng's prior involvement in this case as a defendant. The court reserved ruling on the motion.

Plaintiffs properly preserved questions for appellate review in two instances when the defense mentioned Dr. Weng. In the first instance, counsel for the defense asked one of plaintiffs' expert witnesses whether he had testified against Dr. Weng, as well as other doctors, on previous occasions. The trial judge overruled plaintiffs' objection to this mention of Dr. Weng. Defendants' counsel was attempting to show possible bias on the part of plaintiffs' expert; no mention of settlement was made. The question was not prejudicial to plaintiffs. We find no error in the judge's ruling.

In the second instance, defense counsel asked another of plaintiffs' expert witnesses about an opinion the expert had previously expressed regarding Dr. Weng's standard of care. Again, this testimony was relevant to defendants' case and was not unduly prejudicial to plaintiffs. Under Rule 403 of the North Carolina Rules of Civil Procedure, this was admissible as relevant evidence. From such evidence, the jury could infer that Dr. Capoferi's conduct was not a proximate cause of Mr. Lumley's injury. The trial judge did not commit error. This assignment of error is overruled.

In sum, we find the special proximate cause instruction included in the jury charge was in accordance with North Carolina case law. The trial judge had no obligation to give a clarifying instruction with regard to proximate cause. References to a former defendant's role in this action made by defendants were not unduly prejudicial to plain-

tiffs and were relevant to defendants' case; therefore, objection to those references was properly overruled. Finally, the trial judge did not abuse his discretion in denying plaintiffs' motion for a mistrial when it is clear the jury was making progress during its deliberations. Neither side objected to the proposed "Allen Charge" which was given to the jury. Based upon the foregoing, we find

No error.

Chief Judge ARNOLD and Judge GREENE concur.