RODNEY MELVIN, Plaintiff-Appellee v. HOME FEDERAL SAVINGS & LOAN ASSOCIATION and ARTHUR LANE, Defendant-Appellant

No. COA96-433

(Filed 18 March 1997)

## 1. Fiduciaries § 2 (NCI4th)— fiduciary relationship—absence of formal attorney-client relationship

It was not error for the trial court to find the existence of a fiduciary relationship between plaintiff and defendant-attorney where the evidence presented at trial showed defendant served as attorney for the estate of plaintiff's father, was appointed administrator of the estate, and became successor trustee of a trust in favor of plaintiff as beneficiary. The absence of a formal attorney-client relationship between plaintiff and defendant does not prohibit the finding of a fiduciary relationship.

**Am Jur 2d, Attorneys at Law § 119.**

**2. Trusts and Trustees § 205 (NCI4th)— person acting as trustee—fiduciary duty to beneficiary**

The attorney and administrator d.b.n. of decedent's estate acted as the trustee of a trust created for the benefit of decedent's illegitimate son when he received, endorsed and deposited a check for the trust funds and distributed those funds to himself and decedent's widow. Therefore, the attorney had a fiduciary obligation to the son as trust beneficiary.

**Am Jur 2d, Trusts §§ 203, 216, 366.**

**3. Executors and Administrators § 40 (NCI4th)— administrator d.b.n.—fiduciary duty to trust beneficiary**

An attorney who was the administrator d.b.n. of decedent's estate had a fiduciary duty to decedent's illegitimate son even though the son was not an heir where the attorney deposited funds of a trust established for the son's benefit into the estate account and disbursed those funds when he had been put on notice that the son was the trust beneficiary.

**Am Jur 2d, Trusts §§ 203, 216, 366.**

**4. Executors and Administrators § 45 (NCI4th)— breach of fiduciary duty—instructions—proximate cause**

The trial court's instructions in an action for breach of fiduciary duty by the attorney and administrator d.b.n. of an estate did not mislead or misdirect the jury even though they did not include an instruction on proximate cause.

**Am Jur 2d, Trial §§ 1138, 1142, 1182.**

**5. Damages § 71 (NCI4th)—constructive fraud—punitive damages**

An issue of punitive damages was properly submitted to the jury based on constructive fraud in an action for breach of fiduciary duty by the attorney and administrator d.b.n. of an estate for the distribution of funds in a trust created for plaintiff's benefit where the trial court determined that a fiduciary relationship existed, and the jury found that the attorney failed to overcome the presumption of fraud by proof that his actions were open, fair and honest.

**Am Jur 2d, Attorneys at Law § 119; Fraud and Deceit §§ 15, 16.**

Conduct of attorney in capacity of executor or administrator of decedent's estate as ground for disciplinary action. 92 ALR3d 655.

**6. Attorneys at Law § 51 (NCI4th)— fraudulent practice by attorney—double damages**

The trial court did not err by allowing double compensatory damages under N.C.G.S. § 84-13 (fraudulent practice by attorney) in an action by decedent's son against a defendant who acted as the attorney and administrator d.b.n. for decedent's estate for breach of fiduciary duty in distributing the funds of a trust established for the son's benefit to decedent's widow and to pay attorney's fees.

**Am Jur 2d, Damages §§ 816, 906.**

**Principal's right to recover punitive damages for agent's or broker's breach of duty. 67 ALR2d 952.**

**Amount of attorneys' compensation in proceedings involving wills and administration of decedent's estates. 58 ALR3d 317.**

**Conduct of attorney in capacity of executor or administrator of decedent's estate as ground for disciplinary action. 92 ALR3d 655.**

Appeal by defendant from judgment entered 11 November 1995 by Judge Wiley F. Bowen in Cumberland County Superior Court. Heard in the Court of Appeals 8 January 1997.

*Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.A., by H. Gerald Beaver and Amye Tankersley King, for plaintiff-appellee.*

*Harris, Mitchell & Hancox, by Ronnie M. Mitchell, for defendant-appellant.*

WALKER, Judge.

Plaintiff is one of five children of Booker T. Taylor, deceased, and Ella Hines. Mr. Taylor and Ms. Hines were never married. Mr. Taylor was married to Blanche Taylor, who knew plaintiff to be the son of her husband. In 1980, Mr. Taylor executed a Discretionary Revocable Trust Agreement at defendant Home Federal Savings & Loan in favor

of plaintiff as beneficiary. The account was registered in the name of Booker T. Taylor, Trustee for Rodney Beauford Melvin.

Mr. Taylor died on 5 April 1985. Evelyn Lee was appointed as personal representative of Mr. Taylor's estate and defendant Lane was retained as attorney for the estate. On 17 September 1986, the estate was closed and Ms. Lee was discharged as personal representative.

Thereafter, Blanche Taylor contacted defendant Lane to determine whether the estate could be reopened for the purpose of distributing the funds in the Home Federal account to reimburse Mrs. Taylor for earlier expenses she had incurred on behalf of the estate. On 11 September 1991, an order was issued by the clerk of superior court allowing the reopening of the estate. Further, defendant Lane was appointed administrator de bonis non (d.b.n.) of the estate. Following his appointment, defendant Lane requested that defendant Home Federal release the trust funds to him.

Plaintiff's evidence showed that defendant Lane presented the passbook for this account and was advised by the bank that the funds could be released if the estate could be appointed successor trustee and be responsible for locating plaintiff and distributing funds to him. The evidence further showed that defendant Lane agreed to this arrangement and a check in the amount of $10,160.69 was issued to "Booker T. Taylor Estate Trustee for Rodney Beauford Melvin." Defendant Lane then endorsed the check "Arthur L. Lane Administrator Dbn" and distributed $9,000.00 to Mrs. Taylor and kept $1,160.69 in attorneys' fees.

Defendant Lane asserts he was not aware that plaintiff had any claim to these funds. Moreover, he contends that there was no mention by defendant Home Federal that the funds were to be held in trust for anyone.

Plaintiff discovered the existence of this trust account in 1991 when an interest statement for the account was found in the mailbox. Plaintiff then contacted defendant Home Federal and was informed that his trust account funds had been distributed to defendant Lane.

Plaintiff filed suit against defendant Home Federal and later amended his complaint to include defendant Lane. The trial court found that a fiduciary relationship existed and that defendant Lane had breached a fiduciary duty owed to plaintiff. The jury found in favor of plaintiff on all remaining issues, awarding plaintiff compen-

satory damages in the amount of $5,000.00 against defendant Home Federal and $10,160.69 in compensatory damages and $7,400.00 in punitive damages against defendant Lane. Pursuant to N.C. Gen. Stat. § 84-13, plaintiff elected double compensatory damages in lieu of punitive damages. Thus, judgment was entered against defendant Lane for $20,321.38 in damages. Only defendant Lane appeals.

[1] Defendant first assigns as error the trial court's entry of judgment and its denial of his motions for directed verdict and for a new trial, based on the trial court's failure to present an issue to the jury as to whether a fiduciary relationship existed between the parties, and its failure to instruct the jury as to the legal definition and standard for proximate cause.

The evidence presented at trial showed defendant acted in three capacities in relationship with plaintiff. He served as attorney for the estate of plaintiff's father, he was appointed administrator d.b.n. of the estate and he became successor trustee of the trust of which plaintiff was the beneficiary.

As attorney for the estate, defendant argues a fiduciary duty extended only to Blanche Taylor and not to the plaintiff. However, the evidence established that defendant deposited the trust funds into the Booker T. Taylor estate account and paid himself an attorney fee of $1,160.69. Furthermore, this Court has extended an attorney's obligation to others beyond those who are privy to the formal attorney-client relationship. *See Title Ins. Co. of Minn. v. Smith, Debnam, Hibbert and Pahl,* 119 N.C. App. 608, 459 S.E.2d 801 (1995); *Leasing Corp. v. Miller,* 45 N.C. App. 400, 263 S.E.2d 313, *disc. review denied,* 300 N.C. 374, 267 S.E.2d 685 (1980). Thus, the absence of a formal attorney-client relationship between plaintiff and defendant does not prohibit the finding of a fiduciary relationship.

[2] Next, it is clear that the trustee of a trust has a fiduciary obligation to the beneficiary of the trust. N.C. Gen. Stat. § 32-25 (1996). Defendant does not dispute receiving, endorsing and depositing the check issued by defendant Home Federal made payable to "Booker T. Taylor Estate Trustee for Rodney Beauford Melvin." Thus, defendant acted as trustee for the trust created for the benefit of plaintiff when he distributed the funds of this trust to himself and to Mrs. Taylor.

[3] Finally, as to his capacity as administrator d.b.n., defendant argues that plaintiff was not an heir as there was no evidence that

plaintiff's paternity was ever acknowledged or judicially determined during decedent's lifetime or that plaintiff presented a claim for his intestate share within six months of the first notice to creditors as required by law. N.C. Gen. Stat. §§ 28A-1-1(3), 29-19 (1984). Pursuant to N.C. Gen. Stat. § 28A-13-2 (1984), a personal representative (administrator d.b.n.) is a fiduciary. Defendant deposited trust funds into the estate account and disbursed those funds when he had been put on notice that plaintiff was the beneficiary under the trust. Therefore, based on the several roles defendant assumed with respect to the administration of the estate and the trust, the trial court did not err in finding a fiduciary relationship existed.

**[4]** Defendant next contends that the trial court erred in entering judgment against him due to its failure to instruct the jury on the issue of proximate cause. However, "[p]ursuant to Rule 10(b)(2) of the Rules of Appellate Procedure, in order to properly preserve questions for appellate review regarding jury instructions, a party must object to the instruction before the jury retires to consider its verdict." *Lumley v. Capoferi*, 120 N.C. App. 578, 581-82, 463 S.E.2d 264 (1995). Failure to make such an objection or request prohibits a party from raising the issue on appeal. *Id.* Nevertheless, we have examined the court's instructions and conclude they did not mislead or misdirect the jury.

**[5]** Defendant next assigns as error the trial court's allowance of an award of punitive damages based on the contention that insufficient evidence existed to conclude that defendant had engaged in constructive fraud.

A trial court is entitled to submit the issue of punitive damages to the jury upon a showing of constructive fraud. *Bumgarner v. Tomblin*, 92 N.C. App. 571, 576, 375 S.E.2d 520, 523, *disc. review denied*, 324 N.C. 333, 378 S.E.2d 789 (1989). Constructive fraud requires that: (1) the plaintiff show by the greater weight of the evidence the existence of a fiduciary relationship between the parties; and (2) the defendant fails to prove that he acted openly, honestly and fairly. *Booher v. Frue*, 98 N.C. App. 570, 579, 394 S.E.2d 816, 821, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 674 (1990). As discussed above, the trial court properly determined that a fiduciary relationship existed and then the jury found that defendant failed to overcome the presumption of fraud by not proving his actions were open, fair and honest. Thus, the issue of punitive damages was properly submitted to the jury.

BENCHMARK CAROLINA AGGREGATES v. MARTIN MARIETTA MATERIALS

[125 N.C. App. 666 (1997)]

**[6]** Defendant further contends that the trial court erred in allowing plaintiff to elect between the punitive damages awarded and doubling the award of compensatory damages under N.C. Gen. Stat. § 84-13. We disagree.

N.C. Gen. Stat. § 84-13 (1995) provides, "If any attorney commits any fraudulent practice, he shall be liable in an action to the party injured, and on the verdict passing against him, judgment shall be given for the plaintiff to recover double damages." Defendant argues that this statute should be interpreted narrowly to permit double damages only if defendant engaged in fraudulent practice while acting in his capacity as an attorney. In addition to defendant's roles as successor trustee and administrator d.b.n., he served as an attorney for the estate as evidenced by the attorney fee he paid to himself. Thus, the trial court did not err in applying N.C. Gen. Stat. § 84-13 and allowing double compensatory damages against defendant. See *Booher v. Frue*, (Constructive fraud by breach of fiduciary duty is sufficient to invoke the provisions of N.C. Gen. Stat. § 84-13.) We have carefully considered defendant's remaining assignments of error and find them to be without merit.

No error.

Judges LEWIS and MARTIN, Mark D. concur.