An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1069
NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

LOUCRETIA BRAMHALL,

    Plaintiff

    vs.

JOHN HURBAN aka MARCUS
BRAMHALL, JEFFREY LIVINGSTON,
JDL ENTERPRISES, INC. and
CHOICEPARTS.NET,

    Defendants.

From Gaston County
No. 10-CVS-911

Appeal by Defendant from judgment and order entered 28 January 2013 by Judge Nathaniel Poovey in Gaston County Superior Court. Heard in the Court of Appeals 19 February 2014.

    *Stott, Hollowell, Palmer & Windham, L.L.P., by Randal S. West and Aaron C. Low, for Plaintiff.*

    *Law Offices of Sanjay R. Gohil, PLLC, by Sanjay R. Gohil, for Defendant Hurban.*

DILLON, Judge.

John Hurban a/k/a Marcus Bramhall ("Defendant Hurban") appeals (1) from a judgment entered upon a jury verdict awarding compensatory and punitive damages in favor of Loucretia Bramhall

("Plaintiff"); and (2) from an order denying his motion for a new trial. For the following reasons, we dismiss in part and affirm in part.

## I. Factual & Procedural Background

On 22 February 2010, Plaintiff filed a complaint in Gaston County Superior Court alleging, *inter alia*, that she and Defendant had operated a pizza equipment supply business, Pizza Equipment Supply, Inc. ("PESI"), but that Defendant had not been active in the management or operations of PESI since before 2008; that she had filed an action for divorce from Defendant Hurban in October 2009 and had since been granted "exclusive possession of [the] property upon which [PESI's] offices are located"; that Defendant Hurban and the other Defendants – Jeffrey Livingston, JDL Enterprises, Inc., and ChoiceParts.Net – had "engaged in a joint venture and/or business agreement whereby they [sought] to directly compete with [PESI]"; that a break-in had occurred at the PESI offices on or about 9 January 2010, at which time computer equipment and Plaintiff's personal credit card were removed from the offices; that Defendant Hurban had acknowledged that he had taken part in removing the computer equipment; and that, with respect to the aforementioned credit card, Defendants had "caused to be charged against the credit of

the Plaintiff the sum of $20,500.00" without Plaintiff's authority or consent. Supported by these allegations, Plaintiff's complaint asserted claims against each Defendant, jointly and severally, for larceny, conversion, and conspiracy, seeking both compensatory and punitive damages.

On 3 June 2010, Defendant Hurban filed an answer denying liability. None of the other Defendants filed an answer or other pleading or motion in response to Plaintiff's complaint. Rather, Defendant Livingston sent an email to Plaintiff's counsel stating that "the credit card in question shows [Defendant Hurban] as an authorized user. . . . Please remove me and my company from this obvoius [sic] divorce dispute[.]" Plaintiff's counsel forwarded Defendant Livingston's email to the Gaston County Clerk of Court.

The matter came on for a jury trial in Gaston County Superior Court on 13 November 2012. Prior to the start of the trial, Plaintiff moved for an entry of default as to Defendants Jeffrey Livingston, JDL Enterprises, Inc., and ChoiceParts.Net (hereinafter, the "Defaulting Defendants"), citing their failure to file responsive pleadings. The trial court granted Plaintiff's motion for entry of default in open court, indicating that "the entry of default is without prejudice to

Defendant [Hurban] . . . with respect to any of the allegations in the complaint that refer to Defendants collectively" and that the court would "enter that default without prejudice to severing those particular portions of the complaint that deal with all defendants instead of just those separate Defendants."

The next day, counsel for the Defaulting Defendants moved to set aside the entry of default. The court, however, denied the motion, concluding that all Defendants had been properly served with process and that Defendant Livingston's email to Plaintiff's counsel did "not constitute an answer pursuant to the rules and [was] not a response."

On 16 November 2012, the jury returned a verdict awarding Plaintiff $21,471.45 in compensatory damages and $1,850,000.00 in punitive damages. Thereafter, Defendant Hurban and the Defaulting Defendants each moved for a new trial and, in the alternative, requested that the punitive damages award be reduced pursuant to N.C. Gen. Stat. § 1D-25(b) (2011), which generally limits the punitive damages award against a particular defendant to the greater of three times the amount of compensatory damages awarded or $250,000.00. By judgment and order entered 28 January 2013, the trial court denied Defendants' motions for a new trial, but reduced the punitive

damages award to $250,000.00 per Defendant. Defendant Hurban now appeals.

## II. Analysis

### A. Motion to Set Aside Entry of Default

Defendant Hurban raises a number of arguments in contending that the trial court erred in its entry of default as to the Defaulting Defendants and further erred in denying the Defaulting Defendants' motion to set aside the entry of default. The Defaulting Defendants, however, have not appealed. *See* N.C.R. App. P. 3 (mandating that the notice of appeal "specify the party or parties taking the appeal"). Moreover, "only a 'party aggrieved' may appeal a trial court order or judgment," *Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000), and Defendant Hurban cites no authority demonstrating his standing to appeal as an aggrieved party on behalf of the Defaulting Defendants under these circumstances. *See* N.C.R. App. P. 28(b)(6) (providing that "[t]he body of the argument . . . shall contain citations of the authorities upon which the appellant relies"). We note the trial court's indication that the entry of default was "without prejudice to Defendant [Hurban] . . . with respect to any of the allegations in the complaint that refer to Defendants collectively" and that, as

discussed further *infra*, the trial court revised its original jury instructions to clarify the nature of Defendant Hurban's liability as compared to that of the Defaulting Defendants. Defendant Hurban's purported appeal on behalf of the Defaulting Defendants and his arguments in support thereof are, accordingly, dismissed. *Gaskins v. Blount Fertilizer Co.*, 260 N.C. 191, 195, 132 S.E.2d 345, 347 (1963) (appeal dismissed where party was "not aggrieved by the judicial order entered").

## B. Motion for a New Trial

Defendant Hurban further contends that the trial court erred when it denied his motion for a new trial. We disagree.

Although Defendant Hurban fails to set out the relevant standard of review as required by our Appellate Rules, *see* N.C.R. App. P. 28(b)(6) (providing that "[t]he argument shall contain a concise statement of the applicable standard(s) of review for each issue, which shall appear either at the beginning of the discussion of each issue or under a separate heading placed before the beginning of the discussion of all the issues"), the governing standard is as follows:

> A motion for a new trial pursuant to Rule 59 is generally addressed to the sound discretion of the trial court. Appellate review of the trial court's ruling on a Rule 59 motion is strictly limited to the determination of whether the record

> affirmatively demonstrates a manifest abuse of discretion by the judge. A manifest abuse of discretion must be made to appear from the record as a whole with the party alleging the existence of an abuse bearing that heavy burden of proof. An appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice.

*Langwell v. Albemarle Family Practice, PLLC*, 203 N.C. App. 666, 669-70, 692 S.E.2d 476, 480 (2010) (quotation marks and citations omitted).

Rule 59 provides that a new trial may be granted in the case of "[e]xcessive . . . damages appearing to have been given under the influence of passion or prejudice[,]" N.C. Gen. Stat. § 1A-1, Rule 59(a)(6) (2011), and, though not specifically citing this provision on appeal, Defendant Hurban contends that the trial court erred in denying his motion for a new trial on grounds that "there was sufficient evidence . . . that the jury's punitive damages award was given with passion and prejudice and was vastly disproportionate to the evidence presented at trial." Defendant Hurban points to the jury's punitive damages award, which he asserts was "more than eighty-four times" the compensatory damage award of $21,471.45. Regarding this award, we note that the trial court reduced it

significantly to the statutory maximum of $250,000.00. *See* N.C. Gen. Stat. § 1D-25(b). Defendant Hurban also points to *Samons v. Meymandi*, 9 N.C. App. 490, 177 S.E.2d 209 (1970), in support of his position on this issue. However, Defendant Hurban cites to this case only generally, without attempting to draw any specific parallels between the circumstances of that case and the case at hand. In *Samons*, we stated that the jury erred by awarding punitive damages based on the specific facts of that case, but that the error "was cured, however, when the trial judge set the verdict aside." *Id.* at 496, 177 S.E.2d at 212-13. Likewise, in the present case, any error by the jury in awarding punitive damages "more than eighty-four times" the compensatory damages amount was cured when the trial court reduced the award. Accordingly, this argument is overruled.

Defendant also cites Plaintiff's testimony concerning "her failed marriage to [Defendant], her failed business relationships with [Defendant], as well as pending criminal investigations by federal authorities for crimes that [Defendant] was never charged with committing" as outside the scope of this matter and as indicative of Plaintiff's "attempt to prejudice the jury" against him. Even assuming *arguendo* that portions of Plaintiff's testimony were not relevant to her

conversion claim – for which punitive damages are recoverable in North Carolina, *see, e.g., Mace v. Pyatt*, 203 N.C. App. 245, 256-57, 691 S.E.2d 81, 90 (2010) – the record reveals ample *relevant* evidence supporting the trial's court decision to deny Defendant a new trial on this basis. For instance, the evidence indicated that Defendant broke into the place of business of his former wife and business partner (Plaintiff), stole her computer and credit card, and attempted to convert her funds to his own foreign bank account using the stolen credit card. In light of this evidence and the jury's compensatory damages award, we cannot say that the trial court abused its discretion in finding that there was the requisite evidence of an "aggravating factor" – fraud, malice, or willful or wanton conduct – to sustain the punitive damages award. *See* N.C. Gen. Stat. § 1D-15(a) (2011) (providing that punitive damages are awardable "if the claimant proves that the defendant is liable for compensatory damages and that [fraud, malice, or willful or wanton conduct] was present and was related to the injury for which compensatory damages were awarded").

Finally, we turn to Defendant Hurban's contention that he was prejudiced by a portion of the trial court's jury instructions, which he asserts "had the natural tendency to more

likely than not confuse the members of the jury as to whether or not all four defendants were liable for conversion, conspiracy, and punitive damages." Our review of the record reveals that Defendant Hurban did not object to the complained of instructions and has thus failed to preserve the issue for appeal. N.C.R. App. P. 10(a)(2) (providing that "[a] party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires to consider its verdict"); *Lumley v. Capoferi*, 120 N.C. App. 578, 582, 463 S.E.2d 264, 266 (1995) (concluding that plaintiffs failed to preserve issue for appellate review where "plaintiffs had several opportunities to object to the proposed special instruction before the jury retired, but failed to do so"). Even assuming *arguendo* that Defendant had preserved this issue for appellate review, after careful review of the instructions, we discern no prejudice to Defendant – certainly none that would amount to reversible error – inherent in the jury instructions at issue. Rather, they reflect a reasonably tailored effort to clarify the court's prior instructions and, at least in part, to distinguish Defendant Hurban's liability from that of the Defaulting Defendants.

### III. Conclusion

For the foregoing reasons, we (1) dismiss Defendant Hurban's contentions relating to the trial court's entry of default and denial of the Defaulting Defendants' motion to set aside the entry of default, as Defendant Hurban has failed to demonstrate standing to appeal from those rulings; and (2) affirm the trial court's decision to deny Defendant Hurban's motion for a new trial.

DISMISSED in part; AFFIRMED in part.

Judges BRYANT and STEPHENS concur.

Report per Rule 30(e).